IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

William M. Gregg, II,

Plaintiff,

vs.

GI Apparel, Inc.,

Defendant.

C.A. No. 3:05-2399-MBS

**OPINION AND ORDER**

Plaintiff William Gregg is the assignee of a contract between South Carolina Tees, Inc. ("SCT") and Defendant GI Apparel, Inc. ("Defendant"). Plaintiff filed this action on August 18, 2005, alleging, inter alia, breach of contract, breach of the implied covenants of good faith and fair dealing, and violations of the South Carolina Unfair Trade Practices Act. Defendant asserts that venue is improper and filed a motion to dismiss on September 20, 2005. More specifically, Defendant requests that the court enforce a forum selection provision in the subject contract. Plaintiff filed a response in opposition to Defendant's motion to dismiss on October 10, 2005. Defendant filed a reply to Plaintiff's response on October 17, 2005. The court heard arguments from the parties on December 2, 2005.

FACTS

SCT is a corporation engaged in the business of manufacturing and selling t-shirts. On September 18, 2002, Defendant entered into a purchase order with SCT to purchase 203,057.34 dozen t-shirts for a total price of $2,789,716. Complaint, Exhibit B. The purchase order provides

that all the goods would be subject to inspection by Defendant's representative. Id. The purchase order also requires that the goods be of the "finest quality." Id. The purchase order provides that the contract "shall be enforced solely in the State or Federal Courts situate in the State of New Jersey. The parties acknowledge jurisdiction of the State and Federal Courts in the State of New Jersey over their persons and waive any claim for dismissal or transfer of the action on the ground that New Jersey would be an inconvenient forum to adjudicate the dispute." Complaint, Exhibit C.

At some point, Defendant cancelled the purchase order with SCT.[1] Complaint ¶ 11. Plaintiff, as assignee of the purchase order, alleges that Defendant's cancellation of the purchase order was without cause. Id. Defendant asserts that the goods were not of the finest quality and that it was entitled to rescind the contract.

## DISCUSSION

Defendant seeks to dismiss the within action based on the forum selection clause in the purchase order and argues that the case should have been brought in federal or state court in New Jersey pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(3), or 12(b)(6). As such, the court regards the motion as one to specifically enforce the forum selection clause.

Forum selection clauses are governed by federal law. Stewart Org. v. Ricoh Corp., 487 U.S. 22 (1988). Generally, choice of forum and choice of law provisions are presumptively valid and should be enforced. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Vimar Seguros

[1] Plaintiff's complaint does not include the date of any of the relevant events in this case. From the face of the complaint, the court cannot determine whether the relevant statute of limitations is implicated. Plaintiff also failed to discuss statute of limitations issues in its brief and at oral argument. As such, this issue is not before the court.

y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528 (1995); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991). The presumption of validity is not absolute and may be overcome by a clear showing that the clause is "'unreasonable under the circumstances." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (quoting The Bremen, 407 U.S. at 10). Choice of law and forum selection provisions may be found unreasonable "if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." Allen, 94 F.3d at 928 (4th Cir. 1996) (quoting Carnival Cruise Lines, 499 U.S. at 595). In its opposition to Defendant's motion to dismiss, Plaintiff only argues that enforcement of the forum selection provision would contravene a strong public policy of the state of South Carolina.[2]

Plaintiff contends that S.C. CODE ANN. § 15-7-120(A) provides a statutory indication that forum selection clauses are against the public policy of South Carolina. In relevant part, § 15-7-120(A) provides

> [n]otwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

---

[2] Plaintiff does not allege that the purchase order was procured by fraud or overreaching. Plaintiff intimates that the parties had unequal bargaining power because SCT was on the verge of bankruptcy at the time that it contracted with Defendant. Without more, unequal bargaining power does not justify holding the forum selection provision of a contract invalid. See Scott v. Guardsmark Sec., 874 F. Supp. 117, 120 (D.S.C. 1995); see also, Atlantic Floor Services v. Wal-Mart Stores, Inc., 334 F. Supp. 2d 875, 877 (D.S.C. 2004).

S.C. CODE. ANN. § 15-7-120(A). Plaintiff essentially argues that § 15-7-120(A) makes all mandatory forum selection provisions permissive under South Carolina law and gives a plaintiff the right to bring an action in South Carolina despite his previous agreement to litigate a matter in another jurisdiction.[3] According to Plaintiff, § 15-7-120(A) is evidence that forum selection clauses are against the public policy of South Carolina.

Plaintiff's claims are without merit. First, South Carolina appellate courts have enforced forum selection clauses on several occasions and have never suggested that forum selection clauses violate the public policy of South Carolina. See Sec. Credit Leasing, Inc. v. Armaly, 529 S.E.2d 283, 290 (S.C. Ct. App. 2000); see also, Firestone Fin. Corp. v. Owens, 419 S.E.2d 830 (S.C. Ct. App. 1992).[4] Without a clearer pronouncement from the South Carolina legislature or courts, this court is unable to find that the enforcement of a forum selection clause contravenes a strong public policy of the state of South Carolina.

---

3 In support of its opposition to Defendant's motion to dismiss, Plaintiff relies heavily on the case of Consolidated Insured Benefits, Inc. v. Conseco Medical Insurance Co., 370 F. Supp. 2d 394 (D.S.C. 2004), and argues that Consolidated Insured is controlling because it is the most recent case. However, since the intra-court comity doctrine is discretionary, the court views the decisions of its fellows judges as persuasive but is not bound by their decisions. See American Silicon Technologies v. United States, 261 F.3d 1371 (Fed. Cir. 2001).

4 In addition, the South Carolina legislature has never indicated that forum selection clauses are void and against the public policy of the state. The South Carolina legislature has made broad public policy pronouncements in other circumstances. See S.C. CODE ANN. § 1-34-10 (declaring that "[t]he public policy of South Carolina is to maintain reasonable and consistent standards of construction in buildings and other structures in the state . . ."); S.C. CODE ANN. § 6-9-5 (declaring that "[t]he public policy of South Carolina is to maintain reasonable standards of construction . . .").

CONCLUSION

Both parties are free to pursue their remedies in the courts in New Jersey in accordance with the forum selection clause in their agreement. It is hereby ordered that the captioned case be **dismissed without prejudice**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina
February 13, 2006